**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION**

| | |
|---|---|
| PATRICK DUNN | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| V. | )    Case No. _____ |
| | ) |
| ADAMS, STEPNER, WOLTERMANN & DUSING, P.L.L.C | ) <br> ) <br> ) |
| ZIMMER MOTOR, INC. | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

Comes now Plaintiff Patrick Dunn ("Plaintiff"), by and through undersigned counsel, and for his Complaint against the above named defendants, states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court can exercise subject matter jurisdiction over Plaintiff's claim, pursuant to 28 U.S.C. §§ 1331, 1343, 1367(a).

2. Venue is proper under 28 U.S.C. § 1391(b)(2) or (3), as a substantial part of the events or omissions giving rise to the claims occurred in the district; or one or more of the Defendants are subject to the personal jurisdiction of the court in this district.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Commission demands trial by jury in this action of all issues so triable.

### PARTIES

3. At all times relevant to this action, Adams, Stepner, Woltermann & Dusing, P.L.L.C. was a Limited Liability Company with a principal place of business located at 40 West Pike

Street, Covington, KY 41011; and with James G. Woltermann as its registered agent ("ASWD").

4. At all times relevant to this action, Zimmer Motor, Inc. was a Kentucky Corporation with a principal place of business located at 1086 Burlington Pike, Florence, KY 41042; and with Catherine A. Zimmer as its registered agent ("Zimmer Motor").

## FACTS

5. Plaintiff purchased a 2014 Jeep Grand Cherokee (the "Vehicle") from Zimmer Motor for use by his immediate family, including his wife, Michelle Dunn, his son Brady Dunn, and his daughter Adeline Dunn.

6. On September 28, 2016, Brady Dunn was involved in an accident while driving the Vehicle, which resulted in extensive damage.

7. On the morning of September 29, 2016, Brady and Dunn brought the Vehicle to Zimmer Motor for repair.

8. Rich Zimmer, the Zimmer Motor agent in charge of the operations of the repair shop, assured Plaintiff that Zimmer Motor would timely complete repairs.

9. Plaintiff's insurance provider covered the cost of a car rental during the first month during which the Vehicle was being repaired. The repairs were not completed within the 30 days, and the car rental benefit expired. Thereafter, Plaintiff, his wife, and two adult children were forced to share three cars between four active drivers.

10. Plaintiff spoke to Rich Zimmer and Amanda Dorger, employees of Zimmer Motor, on numerous occasions to check on the status of the repairs.

11. Overall, it took more than four months for the repairs to be completed. Upon information and belief, Zimmer Motor did not commence the repairs until at least two months after it took possession of the Vehicle.

12. Rich Zimmer alerted Plaintiff on January 26, 2018 that the repairs were completed, and that Plaintiff could pick up the Vehicle the next day.

13. On the evening of Friday, January 27, 2018, Plaintiff and Michelle Dunn went to Zimmer Motor to pick up the Vehicle, so that Michelle Dunn could drive it to Louisville to visit her ailing father for the weekend.

14. Plaintiff arrived at the repair shop only to be told that Rich Zimmer was in a meeting and that no one would be able to release the Vehicle that evening; Plaintiff was directed by a Zimmer Motor employee to return on the following Monday.

15. On evening of Monday, January 30, 2018, Plaintiff and his wife returned to the repair shop to pick up the Vehicle. Dorger alerted Plaintiff that Rich Zimmer was unavailable and advised Plaintiff that she could not release the Vehicle unless Plaintiff executed a "Written Confirmation." Plaintiff refused to sign any documents, and demanded to speak with Rich Zimmer. Again Dorger advised that Rich Zimmer was unavailable. Plaintiff insisted that Dorger release the Vehicle, which she did without obtaining Plaintiff's signature, and without providing Plaintiff with any documentation.

16. In the ensuing months, Plaintiff attempted to discuss the situation with Rich Zimmer who was either out of town, out of the office, or unresponsive.

17. On March 23, 2017, Zimmer Motor, by and through its attorney, ASWD, made written demand for payment of $14,648.99 on account of the repairs to the Vehicle. (Exhibit No. 1). The demand was supported by a "written confirmation of the amount owed" which was purportedly signed by Plaintiff, on January 27, 2018, the first day that Plaintiff attempted to retrieve the Vehicle. ("Written Confirmation No. 1"). (Exhibit No. 2).

18. Plaintiff, through undersigned counsel, informed counsel for Zimmer Motor, ASWD, that Written Confirmation No 1 was a forgery; that Plaintiff had never signed any documents related to the services on the Vehicle. Nevertheless, the parties engaged in negotiations in an attempt to find a resolution to the dispute.

19. On January 10, 2018, undersigned counsel again informed ASWD that Written Confirmation No. 1 was a forgery. (Exhibit No. 3).

20. Yet, on January 16, 2018, Zimmer Motor filed CASE NO. 18–CI–00072 with the Circuit Court for Boone County, which demands payment of $14,648.99. (The "State Court Action") (Exhibit No 4). Plaintiff was served with the complaint on January 17, 2018.

21. The State Court Action was styled as a "COMPLAINT WITH NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT." Zimmer Motor's pleadings included a copy of Written Confirmation No. 1, and other exhibits.

22. On June 26, 2018, in response to various discovery requests, Zimmer Motor again produced the Written Confirmation. Moreover, Zimmer produced a second written confirmation with a signature that is distinctly different from the first signature on Written Confirmation ("Written Confirmation No. 2"). (See Exhibit No. 5). Upon an examination of both original documents, Plaintiff confirmed that both signatures were forgeries.

23. As to the forgeries, Rich Zimmer, swore to the following facts at his deposition on June 28, 2018 that:

    a. Plaintiff signed Written Confirmation No. 1 in front of Amanda Dorger on January 27, 2017 when Plaintiff picked up the Vehicle;

    b. Rich Zimmer did not speak to Plaintiff on the day that Plaintiff picked up the Vehicle;

    c. Rich Zimmer did not witness Plaintiff sign the Written Confirmation; and while Rich Zimmer was not familiar with Written Confirmation No. 2, he could confirm that it was found in Plaintiff's customer file.

24. For her part, Amanda Dorger swore on August 22, 2018, that she did not remember the date upon which Plaintiff picked up the Vehicle; did not speak to Plaintiff on the day he picked up the Vehicle, but that she did remember that Rich Zimmer and Plaintiff had a discussion on that day.

25. Ms. Dorger did not recall whether Plaintiff signed Written Confirmation No. 1. However, she testified that she obtained Plaintiff's signature on Written Confirmation No. 2 when he dropped off the Vehicle in September 2016. Ms. Dorger recalled that Michelle Dunn and Plaintiff were present on that day, but did not recall whether Plaintiff or his wife signed Written Confirmation No. 2.

26. Mrs. Dunn was not present on the day that the Vehicle was brought to the repair shop, and therefore could not have signed Written Confirmation No. 2.

27. In sum, when confronted with the forged signatures, Rich Zimmer and Amanda Dorger each point to each other as the person before whom Plaintiff or his wife signed the written confirmations.

28. As both accounts are irreconcilably inconsistent with one another and cannot simultaneously be true, it is clear that Zimmer Motor caused a forgery of Plaintiff's signature to be affixed to the written confirmations for the purpose of collecting on the amounts that it alleges are owed by Plaintiff.

29. Moreover, the Complaint was supported by a falsified invoice. To wit: Exhibit A of the Complaint (the "Invoice"), was apparently prepared on February 8, 2017 by Amanda Dorger, 10-12 days after Zimmer Motor released the Vehicle to Plaintiff. (Exhibit No. 4).

30. According to the Invoice, the repairs were completed on February 8, 2017; 13 days after Rich Zimmer alerted Plaintiff that the Vehicle was ready for pick up.

31. As with the irreconcilably inconsistent testimony of Rich Zimmer and Amanda Dorger, the Invoice contradicts Zimmer Motor's pleadings in the State Court Action and demonstrates that Zimmer Motor perpetrated a deception against the Boone County Court, and as against Plaintiff with a purpose of collecting on disputed amounts related to consumer services.

32. Plaintiff requested that it be allowed to inspect original written confirmation, and was permitted to do so on September 27, 2018.

33. Plaintiff and Zimmer Motor engaged in court-ordered mediation. At the time of the mediation, Plaintiff made it known once again to Defendants that the documents supporting Zimmer Motor's complaint were forgeries and inauthentic.

34. Plaintiff retained an expert to inspect copies and photos of the documents and thereafter filed a motion to amend its pleadings to include a counterclaim against Zimmer Motor for violation under the Kentucky Consumer Protection Act (The "KYCPA") based on its unlawful attempt to collect on a consumer sales contract.

35. After comparing Plaintiff's signature with those on the written confirmations, Plaintiff's expert reported that the documents were not signed by the same person. (Exhibit No. 6).

36. ASWD, in its capacity as a debt collector, opposed the motion on the grounds that allowing the amendments would prejudice Zimmer Motor at trial.

37. Plaintiff made its position known to the ASWD by and through oral arguments and pleading which included the expert report. Yet, ASWD persisted in proceeding with the collection action.

38. Plaintiff was compelled to settle the matter by making a full payment of the amounts purportedly owed to Zimmer Motor to avoid the damage to his credit that would have ensued from the entry of a judgment.

39. To date, Plaintiff has expended approximately $7,500 in attorney fees and on the costs of the State Court Action to defend against Zimmer Motor's suit. Plaintiff expects incurring additional attorney fees in pursuing the Defendants for their unlawful actions.

**COUNT I – VIOLATION OF THE KY CONSUMER PROTECTION ACT**

40. Plaintiff re-alleges all prior allegations provided in this complaint as if fully set forth below. Plaintiff furthermore states that the instant demand for relief under the Kentucky Consumer Protection Action ("KYCPA"), is asserted against Defendant Zimmer Motor, Inc.

41. Plaintiff was induced into procuring services from Zimmer for the repair of the Vehicle, which was primarily used for personal, family, or household purposes by Zimmer Motor's false representations, including without limitation that Zimmer Motor would timely perform the repairs.

42. Zimmer Motor was aware that Plaintiff's insurance would only cover one month of car rental benefits. Yet, over the course of the 120 days during which Zimmer Motor had possession of the Vehicle, Zimmer Motor continuously misled Plaintiff about the progress of the repairs.

43. The deception became so entrenched that Rich Zimmer stopped taking Plaintiff's calls, or otherwise refused to address Plaintiff's concerns.

44. When the Zimmer Motor staff was unable to obtain Plaintiff's signed release, Zimmer Motor, Rich Zimmer, or Amanda Dorger caused an as of yet unknown person to forge Plaintiff's signature, for the express purpose of using the forged document to collect from Plaintiff the amounts that Zimmer alleges were due on account of the repairs.

45. Moreover, Zimmer Motor caused ASWD to collect on the outstanding amounts by the use of the forged document and adulterated invoices to further the deceptive collection practices.

46. ASWD was notified that the Written Confirmation No. 1 was a forgery, yet Zimmer Motor continued its collection efforts, which culminated in the filing of the State Court Action.

47. As result of Zimmer Motor's unfair, false, misleading, or deceptive acts or practices in the conduct of its trade, Plaintiff loss the use of the Vehicle for approximately 90 days, expended considerable resources, time, and energy defending against written false representations, and is thereby entitled to recover his expenses, losses, the costs of this action, and reasonable attorney fees under the KYCPA.

48. Because Zimmer Motor's course of conduct constitutes an unfair, false, misleading and/or deceptive scheme to collect amounts due under the contract for consumer services, Plaintiff is furthermore entitled to punitive damages above and beyond the compensatory damages that are being requested under the instant cause of action.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

49. Plaintiff re-alleges all prior allegations set forth above as if fully set forth below. Plaintiff furthermore states that the instant cause of action for a violation of the FDCPA is asserted against Adams, Stepner, Woltermann & Dusing, P.L.L.C.

50. Plaintiff incurred a debt to Zimmer Motor on account of an obligation arising out of a transaction in which the repair services performed by Zimmer Motor to the Vehicle were primarily for personal, family, or household purposes.

51. ASWD is a debt collector as defined in 15 USCS § 1692a in that it uses the instrumentality of interstate commerce and/or the mails to collect the debt owed to Zimmer Motor.

52. As a debt collector, ASWD was generally prohibited from using unfair and unconscionable means to collect or attempt to collect the debt that was due to Zimmer Motor. ASWD was specifically prohibited under the FDCPA from using false, deceptive, or misleading representations or means in connection with the collection of any debt, including the use or distribution of any written communication which creates a false impression as to its source, authorization, or approval.

53. ASWD was notified on numerous occasions of the inauthenticity of Written Confirmation No. 1, yet it continued to attempt to collect the debt by the use of the forgery.

54. ASWD knew or should have known based upon the evidence discovered and produced during the State Court Action that the written confirmations, the invoices used in support of Zimmer Motor's claim, and the irreconcilably inconsistent statements of Zimmer and Dorger at their depositions, were misrepresentations. Indeed, the forged document created the false impression that Plaintiff had confirmed, by his signature, his obligation to Zimmer Motor, when in fact Plaintiff had disputed the amounts owed.

55. ASWD filed an action on January 16, 2018 which was supported by the forgery and the adulterated invoices, and ASWD made no attempts to withdraw the forged document or the adulterated invoices.

56. ASWD's use of the forged documents and adulterated invoices as part of the complaint filed by Zimmer Motor in the State Court Action constitutes a violation of the FDCPA and was the direct and proximate cause of Plaintiff's damages, which include, among other items, the costs and expenses incurred by Plaintiff in defending the State Court Action.

57. Plaintiff is furthermore entitled to recover the cost and reasonable attorney fees arising out of the instant action.

58. ASWD's obstinate and repeated use of the forged document and adulterated invoices to attempt to collect the debt from Plaintiff warrants an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court enter a judgment:

(i) Finding Defendant ASWD liable to Plaintiff for a violation of the Fair Debt Collection Practices Act, and awarding Plaintiff compensatory, statutory, and/or punitive damages in an amount to be determined at a trial of this action;

(ii) Finding Defendant Zimmer Motor, Inc. liable to Plaintiff for a violation of the Kentucky Consumer Protection Act, and awarding Plaintiff compensatory and punitive damages in an amount to be determined at a trial of this action;

(iii) Awarding Plaintiff reasonable attorney fees and the costs of bringing this action; and

(iv) Awarding any other relief that the Court deems just and equitable given the circumstances.

Respectfully submitted,

*/s/ J. Christian A. Dennery*
J. Christian A. Dennery (KBA 95878)
Dolores L. Dennery (KBA 97033)
Dennery, PLLC
PO Box 12141
Covington, KY 41012
Tel: 859-455-5495

Fax: 859-286-6786